ROGER H. DENNETT, Plaintiff, *v.* ROBERT GOELET, Defendant.
City Court of New York, New York County, December 28, 1931.

*Goldberg & Levitt*, for the plaintiff.

*Clark, Reynolds & Hinds* [*Leonard J. Reynolds* of counsel], for the defendant.

RYAN, J. Defendant moves for an order to compel the plaintiff to reply to the separate defense which alleges an accord and satisfaction, while plaintiff moves by cross-motion to strike out said defense. The action is brought by the plaintiff, a physician, to recover a balance of $1,260, alleged to be due for professional services. On January 2, 1931, plaintiff sent a bill to the defendant amounting to the sum of $3,892. Defendant on receipt thereof wrote plaintiff requesting an itemized statement, which was rendered to the defendant on or about January 6, 1931. About three weeks later defendant mailed to the plaintiff his check for the sum of $2,692, together with a letter stating: " I enclose my check for $2,692 in payment of your bill of January 2. As you will note I have made some deduction, as I thought your charges for trips to Newport quite excessive; also a great many of your house visits could not have been of more than five minutes duration at most." Another paragraph follows referring to the charges of some other physician, for, I assume, similar services. Sixty dollars of the sum sued for is not included in the separate defense set up as an accord and satisfaction. It is not disputed that plaintiff received said letter and check and deposited the latter without delay, collected the same and retained the proceeds thereof. In considering this motion I have read the copious briefs of counsel and have examined a number of authorities, including the citation suggested by counsel

for the plaintiff in their recent letter, and I am of the opinion that the discretion of the court should be exercised to order a reply to the separate defense and that the cross-motion by plaintiff should be denied. The fact that the letter in the instant case stated that the check was sent in " payment " instead of in " full satisfaction " or " full payment " seems to me unimportant. The word " payment," unless expressly qualified, necessarily means but one thing and implies a satisfaction or discharge of an indebtedness or the satisfaction of a claim. Motion by the defendant to compel the service of a reply to the separate defense is granted, and plaintiff's cross-motion to strike out paragraphs 5, 6, 7 and 8 of the answer is denied. Settle order on notice.